**JELLISON LAW OFFICES, PLLC**
2020 North Central Avenue
Suite 670
Phoenix, Arizona 85004
Telephone: (602) 772- 5520
Facsimile: (602) 772- 5509
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ.  #012763

Attorney for Defendants Paul Babeu, former Sheriff of Pinal County in his official capacity, G. Kindsvater, Pinal County, and the Pinal County Board of Supervisors

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Williams, a single woman and her minor children, SM, KC-M, CW-C,<br><br>Plaintiffs,<br><br>v.<br><br>Paul Babeu, Pinal County Sheriff, an individual; G. Kindsvater, Deputy Sheriff Pinal County; Pinal County Sheriff's Department, an Arizona Corporation; Pinal County Board of Supervisors, an Arizona Corporation, Walmart, a foreign corporation doing business in Arizona, Dallas Rexstrew, an individual, John and Jane Doe, Blackacre Corporation,<br><br>Defendants. | Case No.: CV-2016- 3921- PHX-JJT (BSB)<br><br>**DEFENDANTS BABEU, KINDSVATER, PINAL COUNTY, AND PINAL COUNTY BOARD OF SUPERVISORS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Defendants Paul Babeu, former Sheriff of Pinal County in his official capacity[1], G. Kindsvater, Pinal County, and the Pinal County Board of Supervisors [hereinafter and collectively, the "Pinal County Defendants"], through undersigned counsel, and pursuant to

---

[1] Paul Babeu is no longer the Sheriff of Pinal County and, as such, has no official capacity with Pinal County for purposes of the constitutional claim brought pursuant to 42 U.S.C. §1983. Pursuant to Fed.R.Civ.P. 25(d), Mr. Babeu, in his official capacity, is automatically substituted with the current Pinal County Sheriff, Mark Lamb, in his official capacity only.

1

this Court's Order dtd June 27, 2017 (Doc. 13)[2], answer Plaintiffs' Complaint by admitting, denying, and alleging as follows:

## PARTIES TO THIS ACTION

1. As to the allegations contained in paragraph 1 of the Complaint, the Pinal County Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. §1331.

2. As to the allegations contained in paragraph 2 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

3. As to the allegations contained in paragraph 3 of the Complaint, the Pinal County Defendants deny the allegations. The Pinal County Defendants affirmatively allege that Mark Lamb is the duly elected Sheriff of Pinal County, Arizona, and his statutory duties are contained in A.R.S. §§11-441, et. seq. and that, pursuant to Fed.R.Civ.P. 25(d), Sheriff Lamb, in his official capacity only, is automatically substituted for Paul Babeu, who is only sued in his official capacity pursuant to this Court's Order dtd June 27, 2017 (Doc. 13).

4. As to the allegations contained in paragraph 4 of the Complaint, the Pinal County Defendants deny the allegations.

5. As to the allegations contained in paragraph 5 of the Complaint, the Pinal County Defendants admit only that, in Plaintiffs' Complaint, the Plaintiffs make allegations against Deputy Kindsvater arising from alleged law enforcement activities; the Pinal County Defendants deny all remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

---

[2] This Court's Order leaves only Plaintiffs' Fourth Amendment-based claim pursuant to 42 U.S.C. §1983 against Pinal County, the Pinal County Board of Supervisors, the Pinal County Sheriff in his official capacity only, Deputy Kindsvater, and remaining claims against non-County Defendants. Undersigned *does not* represent the non-County Defendants.

6. As to the allegations contained in paragraph 6 of the Complaint, the Pinal County Defendants admit that Pinal County is a political subdivision of the State of Arizona, and deny all remaining allegations contained in paragraph 6.

7. As to the allegations contained in paragraph 7 of the Complaint, the Pinal County Defendants deny the allegations.

8. As to the allegations contained in paragraph 8 of the Complaint, the Pinal County Defendants deny the allegations.

9. As to the allegations contained in paragraph 9 of the Complaint, the Pinal County Defendants deny the allegations.

10. As to the allegations contained in paragraph 10 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

11. As to the allegations contained in paragraph 11 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

12. As to the allegations contained in paragraph 12 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.  The Pinal County Defendants further allege that Doe Defendant pleading is an improper form of pleading for claims brought pursuant to 42 U.S.C. §1983.

13. As to the allegations contained in paragraph 13 of the Complaint, the Pinal County Defendants admit the allegations.

14. As to the allegations contained in paragraph 14 of the Complaint, the Pinal County Defendants deny the allegations.

15. As to the allegations contained in paragraph 15 of the Complaint, the Pinal County Defendants deny the allegations.

**ACTIONS OF DEFENDANTS**

16. The Pinal County Defendants re-allege all prior responses contained herein.

17. As to the allegations contained in paragraph 17 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same. The Pinal County Defendants affirmatively allege that Wal-Mart personnel reported, and informed, Pinal County Sheriff's personnel of a shop-lifting theft which involved the Williams family, and the flight of the Williams family from the scene of that theft.

18. As to the allegations contained in paragraph 18 of the Complaint, the Pinal County Defendants deny the allegations and assert that, at some point, Plaintiff Katrina Williams became aware that her daughter, Plaintiff SM, had committed a shop-lifting theft.

19. As to the allegations contained in paragraph 19 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same. The Pinal County Defendants affirmatively allege that Wal-Mart personnel reported, and informed, Pinal County Sheriff's personnel of a shop-lifting theft which involved the Williams family, and the flight of the Williams family from the scene of that theft.

20. As to the allegations contained in paragraph 20 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same. The Pinal County Defendants affirmatively allege that Wal-Mart personnel reported, and informed, Pinal County Sheriff's personnel of a shop-lifting theft which involved the Williams family, and the flight of the Williams family from the scene of that theft.

21. As to the allegations contained in paragraph 21 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same. The Pinal County Defendants affirmatively allege that

1  Wal-Mart personnel reported, and informed, Pinal County Sheriff's personnel of a shop-lifting
2  theft which involved the Williams family, and the flight of the Williams family from the scene
3  of that theft.

4      22.    As to the allegations contained in paragraph 22 of the Complaint, the Pinal
5  County Defendants are without sufficient information or knowledge to admit or deny the
6  allegations and, therefore, deny same.  The Pinal County Defendants affirmatively allege that
7  after receiving the Wal-Mart report, Deputy Kindsvater observed a van matching the suspect
8  vehicle exit the parking lot, entering Hunt Highway, and crossing all lanes of traffic to proceed
9  to the left hand turn lane to the Big O Tires location.  Deputy Kindsvater followed, confirmed
10 the vehicle was the suspect vehicle, and initiated a traffic stop.

11     23.    As to the allegations contained in paragraph 23 of the Complaint, the Pinal
12 County Defendants admit only that upon stopping the van in a parking stall, Plaintiff Katrina
13 Williams rolled down the rear driver's side window of the van, but refused several commands to
14 turn off the van's engine.  The Pinal County Defendants deny the remaining allegations
15 contained in paragraph 23 of Plaintiffs' Complaint.

16     24.    As to the allegations contained in paragraph 24 of the Complaint, the Pinal
17 County Defendants admit only that Plaintiff Katrina Williams also refused several commands to
18 exit the van.  The Pinal County Defendants deny the remaining allegations contained in
19 paragraph 24 of Plaintiffs' Complaint.

20     25.    As to the allegations contained in paragraph 25 of the Complaint, the Pinal
21 County Defendants admit only that, at some point, Plaintiff Katrina Williams called 911 using a
22 cellular telephone.  As to the remaining allegations contained in paragraph 25 of the Complaint,
23 the Pinal County Defendants are without sufficient information or knowledge to admit or deny
24 the allegations and, therefore, deny same.

25     26.    As to the allegations contained in paragraph 26 of the Complaint, the Pinal
26 County Defendants admit only that, at some point, and after Plaintiff Katrina Williams had

refused multiple demands to turn off the vehicle, and/or to exit the vehicle, Deputy Kindsvater used his expandable baton to break the driver's side front window for the purpose of opening the door so that Plaintiff Katrina Williams would then exit the vehicle; Deputy Kindsvater was able to open the door, but Plaintiff Katrina Williams, despite further commands, continued to refuse to exit the vehicle. The Pinal County Defendants deny the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. As to the allegations contained in paragraph 27 of the Complaint, the Pinal County Defendants admit only that, after Plaintiff Katrina Williams' repeated refusal to exit the vehicle, Deputy Kindsvater applied his Taser unit in drive stun mode to Plaintiff Katrina Williams' left arm below her shoulder, which caused her to move toward the center of the vehicle. Deputy Kindsvater applied the Taser unit a second time in drive stun mode to the same area, and Plaintiff Katrina Williams then exited the vehicle. The Pinal County Defendants deny the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. As to the allegations contained in paragraph 28 of the Complaint, the Pinal County Defendants deny the allegations.

29. As to the allegations contained in paragraph 29 of the Complaint, the Pinal County Defendants deny the allegations.

30. As to the allegations contained in paragraph 30 of the Complaint, the Pinal County Defendants admit only that, after Plaintiff Katrina Williams' exit from the vehicle she refused Deputy Kindsvater's orders for her to go to the ground. Deputy Kindsvater applied an additional Taser drive stun contact to Plaintiff Katrina Williams' left shoulder, with no effect. Plaintiff Katrina Williams was physically taken to the ground and handcuffed. During the process of trying to control Plaintiff Katrina Williams, Plaintiff SM assaulted Deputy Kindsvater by hitting his back at least twice, yelling to leave her mother alone, or words to that effect. The Pinal County Defendants deny the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. As to the allegations contained in paragraph 31 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

32. As to the allegations contained in paragraph 32 of the Complaint, the Pinal County Defendants admit only that Plaintiff SM was placed in handcuffs after assaulting Deputy Kindsvater in the performance of his law enforcement duties. The Pinal County Defendants deny the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. As to the allegations contained in paragraph 33 of the Complaint, the Pinal County Defendants deny the allegations.

34. As to the allegations contained in paragraph 34 of the Complaint, the Pinal County Defendants admit only that Deputy Kindsvater requested medical personnel to be dispatched in order to evaluate Plaintiff Katrina Williams, and that Pinal County Sheriff's personnel conducted an investigation, the details of which are described in the Reports for Incident 150911090.  The Pinal County Defendants deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. As to the allegations contained in paragraph 35 of the Complaint, the Pinal County Defendants deny the allegations.

36. As to the allegations contained in paragraph 36 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

37. As to the allegations contained in paragraph 37 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

38. As to the allegations contained in paragraph 38 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

39. As to the allegations contained in paragraph 39 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

40. As to the allegations contained in paragraph 40 of the Complaint, the Pinal County Defendants are without sufficient information or knowledge to admit or deny the allegations and, therefore, deny same.

41. As to the allegations contained in paragraph 41 of the Complaint, the Pinal County Defendants admit only that then-Sheriff Paul Babeu and Plaintiff Katrina Williams engaged in several communications that resulted in an enforceable, written and executed settlement and release agreement. The Pinal County Defendants deny the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. As to the allegations contained in paragraph 42 of the Complaint, the Pinal County Defendants admit only that then-Sheriff Paul Babeu and Plaintiff Katrina Williams engaged in several communications that resulted in an enforceable, written and signed settlement and release agreement. The Pinal County Defendants deny the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. As to the allegations contained in paragraph 43 of the Complaint, the Pinal County Defendants deny the allegations.

**COUNT I**
**DEFENDANT COMMITTED**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. The Pinal County Defendants re-allege all prior responses contained herein.

45. As to the allegations contained in paragraph 45 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

46. As to the allegations contained in paragraph 46 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

47. As to the allegations contained in paragraph 47 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

48. As to the allegations contained in paragraph 48 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

49. As to the allegations contained in paragraph 49 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

50. As to the allegations contained in paragraph 50 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

51. As to the allegations contained in paragraph 51 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

**COUNT II**
**DEFENDANT COMMITTED**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

52. The Pinal County Defendants re-allege all prior responses contained herein.

53. As to the allegations contained in paragraph 53 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

54. As to the allegations contained in paragraph 54 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

55. As to the allegations contained in paragraph 55 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

56. As to the allegations contained in paragraph 56 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

57. As to the allegations contained in paragraph 57 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

58. As to the allegations contained in paragraph 58 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

59. As to the allegations contained in paragraph 59 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

## COUNT III
## DEFENDANT COMMITTED ASSAULT

60. The Pinal County Defendants re-allege all prior responses contained herein.

61. As to the allegations contained in paragraph 61 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

62. As to the allegations contained in paragraph 62 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

63. As to the allegations contained in paragraph 63 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

64. As to the allegations contained in paragraph 64 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

65. As to the allegations contained in paragraph 65 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

66. As to the allegations contained in paragraph 66 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

67. As to the allegations contained in paragraph 67 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

## COUNT IV
## DEFENDANT COMMITTED FRAUD

68. The Pinal County Defendants re-allege all prior responses contained herein.

69. As to the allegations contained in paragraph 69 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

70. As to the allegations contained in paragraph 70 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

71. As to the allegations contained in paragraph 71 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

72. As to the allegations contained in paragraph 72 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

73. As to the allegations contained in paragraph 73 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

74. As to the allegations contained in paragraph 74 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

75. As to the allegations contained in paragraph 75 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

76. As to the allegations contained in paragraph 76 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

77. As to the allegations contained in paragraph 77 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response. To the extent the allegations are deemed to require a response, they are denied.

//

//

## COUNT V
## CIVIL RIGHTS VIOLATIONS

78. The Pinal County Defendants re-allege all prior responses contained herein.

79. As to the allegations contained in paragraph 79 of the Complaint, those allegations state legal conclusions only, that are subject to neither admission nor denial.  To the extent the allegations are deemed factual in anyway, they are denied.

80. As to the allegations contained in paragraph 80 of the Complaint, those allegations state legal conclusions only, that are subject to neither admission nor denial.  To the extent the allegations are deemed factual in anyway, they are denied.

81. As to the allegations contained in paragraph 81 of the Complaint, those allegations state legal conclusions only, that are subject to neither admission nor denial.   The Pinal County Defendants affirmatively allege that this Court's Order dated June 27, 2017 (Doc. 13) establishes the capacities within which each Defendant is sued under this claim.

82. As to the allegations contained in paragraph 82 of the Complaint, the Pinal County Defendants deny the allegations.

83. As to the allegations contained in paragraph 83 of the Complaint, the Pinal County Defendants deny the allegations.

84. As to the allegations contained in paragraph 84 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response.  To the extent the allegations are deemed to require a response, they are denied.

85. As to the allegations contained in paragraph 85 of the Complaint, those allegations are for a dismissed claim and, therefore, require no response.  To the extent the allegations are deemed to require a response, they are denied.

86. As to the allegations contained in paragraph 86 of the Complaint, the Pinal County Defendants deny the allegations.

87. As to the allegations contained in paragraph 87 of the Complaint, the Pinal County Defendants deny the allegations.

88. As to the allegations contained in paragraph 88 of the Complaint, the Pinal County Defendants deny the allegations.

89. As to the allegations contained in paragraph 89 of the Complaint, the Pinal County Defendants deny the allegations.

90. The Pinal County Defendants hereby deny any and all allegations not expressly admitted to herein.

## **AFFIRMATIVE DEFENSES**

1. Defendants assert that Plaintiffs have failed to state claims upon which relief may be granted.

2. Defendants assert failure to mitigate damages.

3. Defendants assert offset or application of amounts received in mitigation.

4. Defendants assert the absence of standing to raise claims.

5. If any state law claim is later asserted (or deemed to have survived or sought to be resurrected), Defendants assert that some or all of Plaintiffs' claims are barred by Plaintiffs' failure to exhaust administrative remedies, including, but not limited to, failure to submit or file a timely and/or proper notice of claim and/or to submit a proper grievance or similar administrative complaint.

6. Defendants assert entitlement to all immunities and legal justifications applicable under federal and/or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified; and legal justifications afforded law enforcement personnel.

7. Defendants assert that Plaintiffs are wholly, comparatively, and/or contributorily at fault.

8. Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault.

9. Defendants assert they acted lawfully at all times, and that all alleged conduct is legally justified and/or privileged under both state and federal law.

10. Defendants settlement, release, accord and satisfaction, and/or compromise of claims.

11. Defendants assert the absence of *respondeat superior*, the absence of municipal liability, and/or the absence of other forms of vicarious liability.

12. Defendants plead intervening and/or superseding causes.

13. Defendants assert that Plaintiffs' claims are barred or precluded based on the application of waiver and/or estoppel.

14. Defendants assert that Plaintiffs lack standing for all, or portions, of their claims and their requests for damages, equitable, injunctive, or other prospective relief and/or that Plaintiffs' claims and requests for damages, equitable, injunctive, or other prospective relief are moot.

15. Although the answering Defendants do not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiffs upon notice that it raises the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, arbitration and award, discharge in bankruptcy, estoppel, set-off, failure to join an indispensable party, fraud, illegality, laches, license, payment, or res judicata.

WHEREFORE, the Pinal County Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiffs, and that Defendants be awarded all attorneys' fees, costs, and other forms of relief deemed just by this Court.

DATED this 11th day of July, 2017.

JELLISON LAW OFFICES, PLLC

By: s/James M. Jellison_____
James M. Jellison
*Attorney for the Pinal County Defendants*

I hereby certify that on July 11, 2017
I electronically transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing.
COPY mailed same date to:

Philip A. Seplow
518 West Willetta Street
Phoenix, AZ 85004
*Attorney for Plaintiffs*

s/Kasey M. Rivera_____